UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILD FISH CONSERVANCY, et al.,

Plaintiffs,

v.

NATIONAL PARK SERVICE, et al.,

Defendants.

CASE NO. C12-5109 BHS

ORDER

This matter comes before the Court on Defendants National Park Service; Jonathan B. Jarvis, Director of the National Park Service; the United States Department of the Interior ("Interior"); Kenneth Salazar, Secretary of the Interior; the United States Fish and Wildlife Service ("FWS"); Daniel M. Ashe, Director of the FWS; United States Department of Commerce ("Commerce"); John E. Bryson, Secretary of the Commerce; National Oceanic and Atmospheric Administration ("NOAA") Fisheries ("NMFS"); and Samuel D. Rauch III's, Acting Assistant Administrator for NMFS's (collectively "Federal Defendants") motion to file overlength brief (Dkt. 21) and motion to dismiss (Dkt. 25); Defendants Robert Elofson, Larry Ward, Doug Morrill, and Mike McHenry's

(“Elwha Defendants”) motion to dismiss (Dkt. 26); and Plaintiffs Wild Fish Conservancy, Wild Steelhead Coalition, Federation of Fly Fishers Steelhead Committee, and Wild Salmon Rivers d/b/a Conservation Angler’s (“Plaintiffs”) motion to strike (Dkt. 37). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby (1) grants the Federal Defendants’ motion to file an overlength brief, (2) grants in part and denies in part the Federal Defendants’ motion to dismiss, (3) denies the Elwha Defendants’ motion to dismiss, and (4) grants in part and denies in part Plaintiffs’ motion to strike.

## I. PROCEDURAL HISTORY

On February 9, 2012, Plaintiffs filed a complaint for declaratory and injunctive relief against the Federal Defendants and the Elwha Defendants. Dkt. 1. Plaintiffs assert eleven claims for relief: (1) the Federal Defendants failed to prepare environmental impact statement (“EIS”) or environmental assessment (“EA”) or issue a finding of no significant impact (“FONSI”) for the Elwha River Fish Restoration Plan (“Fish Restoration Plan”); (2) the Federal Defendants failed to supplement any EIS; (3) the Federal Defendants failed to conduct an alternative analysis; (4) the Federal Defendants failed to consult under Section 7 of the Endangered Species Act, 16 U.S.C. §§ 1531–1544 (“ESA”), on effects of the Fish Restoration Plan and the activities described therein; (5) the Federal Defendants failed to reinitiate consultation under Section 7 of the ESA on the effects of Fish Restoration Plan and the activities described therein; (6) NOAA Fisheries Service’s 2006 biological opinion is arbitrary and capricious; (7) the Federal Defendants failed to insure no jeopardy; (8) the Federal Defendants unauthorized “taking” of

protected species; (9) the Elwha Defendants have engaged in the unauthorized "taking" of protected species; (10) the Federal Defendant failed to provide for the full restoration of native anadromous fisheries; and (11) the Federal Defendants are committing prohibited activities within the Olympic National Park. *Id.*

On April 12, 2012, the Federal Defendants filed a motion to dismiss Plaintiffs' first, third, fourth, seventh, tenth, and eleventh claims against all Federal Defendants and Plaintiffs' fourth, fifth, seventh, and eighth claims against Defendants the Interior; Kenneth Salazar; FWS; Daniel M. Ashe; the Commerce; John E. Bryson; NOAA Fisheries; and Samuel D. Rauch III ("Consulting Defendants"). Dkt. 25. On the same day, the Elwha Defendants filed a motion to dismiss Plaintiffs' claim for relief against them. Dkt. 26. On April 30, 2012, Plaintiffs responded. Dkts. 30 & 31. On May 4, 2012, the Federal Defendants replied (Dkt. 34) and the Elwha Defendants replied (Dkt. 35). On May 9, 2012, Plaintiffs filed a surreply and included a motion to strike portions of the Federal Defendants' reply. Dkt. 37. On June 6, 2012, the Federal Defendants and the Elwha Defendants filed supplemental authority. Dkts. 46 & 47. On June 12, 2012, Plaintiffs responded to the supplemental authorities. Dkt. 48.

## II. FACTUAL BACKGROUND

The following factual summary is based on Plaintiffs' allegations and other publically available documents that the parties have submitted and cited.

### A. The River and the Dams

The Elwha River is approximately forty-five miles in length, flowing north on the Olympic Peninsula in Washington State into the Strait of Juan de Fuca near Port Angeles.

Dkt. 1, ¶ 76. The river's watershed encompasses approximately 321 square miles, of which approximately 267 square miles are within the boundaries of the Olympic National Park. *Id*. ¶ 77. Nearly all of the Olympic National Park is designated a wilderness under the Wilderness Act, known as the Olympic Wilderness. *Id*. ¶ 75. The Elwha River remains in uniquely pristine condition, largely due to the protections afforded these federal public lands. *Id*. ¶ 82.

In 1911, the Elwha and Glines Canyon Dams were constructed on the Elwha River without fish passage structures, and have blocked upstream anadromous fish passage to more than 70 miles of mainstream and tributary habitat. *Id*. ¶¶ 78–79.

The Elwha River supported several species of anadromous fish before the dams were constructed. *Id*. ¶ 80. These fish migrate from freshwater to saltwater and then return to their natal freshwater to spawn. The Elwha River was one of the most productive salmon streams in the Pacific Northwest. *Id*. Anadromous fish returning to spawn in the Elwha River and its tributaries have been confined to the lower 4.9 miles of the river below the Elwha Dam since 1911, and have therefore not had access to the vast majority of the river's spawning habitat. *Id*. ¶ 81. The numbers of Elwha River native anadromous fish have declined drastically as a result. *Id*. Despite the critically small population sizes, several species of salmonids remain in the Elwha River. These include three species that are listed as threatened under the ESA—Puget Sound Chinook salmon, Puget Sound steelhead, and bull trout. *See id*. ¶¶ 106, 107, 109, 116.

**B. The Elwha Act**

The Elwha Act, Pub. L. 102-495, 106 Stat. 3173 (Oct. 24, 1992), mandates the full restoration of the Elwha River ecosystem and native anadromous fisheries. The Act authorized the Secretary of the Interior to acquire and remove the Elwha River dams upon a finding that removal is necessary to achieve this objective. Pub. L. 102-495, § 3(a), 106 Stat. 3173, 3174.

Section 3(c) of the Elwha Act directed the Secretary of the Interior to submit a report to Congress detailing plans for "the full restoration of the Elwha River ecosystem and the native anadromous fisheries." Pub. L. 102-495, § 3(c), 106 Stat. 3173, 3174-75. The report was to include a definite plan for dam removal. Pub. L. 102-495, § 3(c)(2), 106 Stat. 3173, 3174-75 (1992). The Elwha Act directs the Secretary of the Interior to implement the definite plan for dam removal and full restoration of the Elwha River ecosystem and native anadromous fisheries. Pub. L. 102-495, § 4(1), 106 Stat. 3173, 3176. The Act authorizes the appropriation of funds to the Secretaries of Interior and Commerce for expenditure through the Assistant Secretary for Fish, Wildlife, and Parks, and NMFS. Pub. L. 102-495, § 9, 106 Stat. 3173, 3178-79.

**C. The Fish Restoration Plan**

In June of 1994, the Interior submitted the Elwha Report to Congress under the Elwha Act determining that the removal of the Elwha and Glines Canyon Dams was feasible and necessary under the Elwha Act to achieve full restoration of the Elwha River ecosystem and native anadromous fisheries. *Id*. ¶ 83.

An EIS was prepared in 1995 that evaluated alternatives to and including dam removal. *Id*. ¶ 84. The preferred alternative in the EIS was complete removal of both dams. *Id*. A second EIS was prepared in 1996 that evaluated alternatives for safe dam removal. *Id*. ¶ 86. The National Park Service was the lead agency for both NEPA processes, and FWS was a cooperating agency. *Id*. ¶¶ 84, 86. Plaintiffs allege that neither EIS evaluated alternatives for salmonid recovery. *Id*. ¶¶ 85, 87.

In 2008, NMFS released a Fish Restoration Plan. Dkt. 25, Exh. 1 (relevant excerpts of the plan).[1] The plan was developed pursuant to the Elwha Act, and its authors include representatives of NMFS, FWS, National Park Service, the Lower Elwha Klallam Tribe ("Tribe"), and the Washington Department of Fish and Wildlife. *Id*. at ix (plan pagination).

> The plan identifies research, methodologies, and strategies required to preserve and restore Elwha River fish populations before, during, and after removal of the Elwha and Glines Canyon dams. Included are descriptions of fish stock restoration, artificial propagation and habitat restoration methods, population recovery objectives, and monitoring and adaptive management needs.

*Id*. The plan also provides that

> The strategies described in this plan are intended to be adaptive, changing based on observed responses of various populations. If certain strategies prove to be unsuccessful, they may be discontinued in favor of options that are more likely to produce a healthy, self-sustaining natural population.

---

[1] The plan is available on the NOAA Northwest Fisheries Science Center website at: http://www.nwfsc.noaa.gov/assets/25/6760_06202008_151914_ElwhaPlanTM90Final.pdf.

*Id*. at xi. "This restoration plan is a working document and is intended to serve as a framework on which to base the preservation and restoration of anadromous fish populations within the Elwha River basin during and after dam removal." *Id*. at 4.

## III. DISCUSSION

### A. Motion for Overlength Brief

The Federal Defendants requested an additional five pages for their motion to dismiss. Dkt. 21. The request is unopposed. Therefore, the Court grants the motion and considers all of the documents submitted by the parties.

### B. Motion to Strike

Plaintiffs moved to strike the Federal Defendants' entire reply because it is overlength or, in the alternative, the portion of the brief in which the Federal Defendants argue that Plaintiffs' claims should be dismissed for failure to state a claim. Dkt. 37. The Court denies Plaintiffs' motion to strike the entire brief because it is two pages over the limit.

With regard to the claimed newly presented argument, the Federal Defendants initially request that, "[t]o the extent necessary, Federal Defendants move [to dismiss] under Fed. R. Civ. P. 12(h) and 12(b)(6)." Dkt. 25 at 2 n. 1. This footnote, however, is the only mention of Plaintiffs' failure to state a claim upon which relief may be granted and hardly fulfills the Federal Defendants' obligation to "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). The Court finds that Plaintiffs have been prejudice by the Federal Defendants' presentation of the Rule

12(b)(6) arguments in the reply brief. Therefore, the Court will grant Plaintiffs' motion as to the Rule 12(b)(6) arguments.

**C. Elwha Defendants' Motion to Dismiss**

Plaintiffs allege that the Elwha Defendants are engaging in the unauthorized take of endangered species in violation of the ESA. Specifically, Plaintiffs allege as follows:

> Defendant Robert Elofson in his official capacity as the Director of the River Restoration Project for the Lower Elwha Klallam Tribe, Defendant Larry Ward in his official capacity as the Hatchery Manager and Fisheries Biologist for the Lower Elwha Klallam Tribe, Defendant Doug Morrill in his official capacity as the Fisheries Manager for the Lower Elwha Klallam Tribe, and Defendant Mike McHenry in his official capacity as the Fisheries Habitat Biologist and Manager for the Lower Elwha Klallam Tribe . . . are in violation of section 9 of the ESA for causing take of threatened Puget Sound Chinook salmon, threatened Puget Sound steelhead, and threatened bull trout through the preparation, authorization, funding, and/or implementation of the Fish Restoration Plan and the activities described therein. These actions causing take, and the ESA violations related thereto, are ongoing.

Dkt. 1, ¶ 183. The Elwha Defendants move to dismiss this cause of action because (1) Plaintiffs do not have standing to bring this claim, (2) Plaintiffs' claim is not ripe for judicial review, and (3) Plaintiffs fail to state a claim upon which relief may be granted. Dkt. 26.

**1. Standing**

To satisfy Article III standing requirements, Plaintiffs must show that: (1) Plaintiffs have suffered "injury in fact" that is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the Elwha Defendants; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the*

*Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81(2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61). Plaintiffs bear the burden of proof to establish standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

In this case, Plaintiffs alleged sufficient facts against the Elwha Defendants to support every element of standing. Plaintiffs have met their burden on the "injury in fact" element by alleging an adverse impact on their "recreational, aesthetic, and economic interests." *See Friends of the Earth*, 528 U.S. at 183–184. Plaintiffs have alleged that the injury is fairly traceable to the challenged actions of the Elwha Defendants because Plaintiffs have alleged that their injuries are due to the Tribe's implementation of the hatchery programs set forth in the Fish Restoration Plan. Dkt. 1, ¶¶ 140, 110–118. Plaintiffs allege that the Elwha Defendants are in charge of implementing the Tribe's hatchery *(id.* ¶ 183) and request an injunction requiring them to comply with the ESA (*id.*, ¶ L). The Court recognizes that Plaintiffs have failed to allege each Elwha Defendant's job duties and that Plaintiffs may only need to assert their claim against some but not all of the Elwha Defendants. This issue, however, is usually resolved through discovery and stipulated dismissals submitted by the parties. The Court encourages the parties to work together on this issue, if one exists, instead of wasting resources on a second round of initial skirmishes. For the purposes of this motion, Plaintiffs have sufficiently alleged facts to support standing to assert their claim. Therefore, the Court denies the Elwha Defendants' motion to dismiss for lack of standing.

**2. Ripeness**

The Elwha Defendants move to dismiss Plaintiffs' claim because the claim is not ripe for judicial review. Dkt. 26 at 16. To determine whether a claim is ripe, the Court must evaluate "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003).

In this case, Plaintiffs argue that the claim is ripe for review because the "Elwha Defendants have implemented and will continue to implement the hatchery programs described in the Fish Restoration Plan." Dkt. 32 at 11–12. Plaintiffs have pled this allegation in their complaint. Dkt. 1, ¶¶ 104, 183. Therefore, the Court finds that the issue is ripe for review and denies the Elwha Defendants' motion to dismiss on this issue.

**3. Failure to State a Claim Upon Which Relief May Be Granted**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, the Elwha Defendants argue that Plaintiffs have failed to state a claim under the ESA. Specifically, the Elwha Defendants argue that:

> To establish "take" by showing "harm," Plaintiffs must allege and prove that each of the Elwha Defendants is engaged in an activity that "actually kills or injures fish or wildlife. Such an act may include significant habitat modification or degradation which actually kills or injures fish or wildlife by significantly impairing essential behavioral patterns, including, breeding, spawning, rearing, migrating, feeding or sheltering." 50 C.F.R. § 222.102 (defining "harm").

Dkt. 35 at 5. Plaintiffs, however, allege as follows:

> Releasing hatchery fish also harms wild fish by increasing competition for resources, such as food sources and rearing space. Released hatchery fish can also prey on native wild fish, expose them to diseases, and support unnaturally large predator populations, all of which reduce the survival of wild fish.

Dkt. 1, ¶ 113. The Court finds that Plaintiffs have alleged facts to support the "take" requirement of their claim. With regard to the particular actions of the individual Elwha Defendant, the issue can be dealt with through early discovery and, if necessary, stipulated dismissals or substitutions. Therefore, the Court denies the Elwha Defendants' motion to dismiss.

**4. More Definite Statement**

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e).

In this case, the Elwha Defendants request that the Court order Plaintiffs to file a more definite statement of their claim. Plaintiffs counter that the allegations in the complaint satisfy the notice pleading requirements. The Court agrees. The issues

identified by the Elwha Defendants can be easily resolved through the rules of discovery, and the Court declines to consume resources with an additional round of pleadings. Therefore, the Court denies the Elwha Defendants' request for a more definite statement.

**D. Federal Defendants' Motion to Dismiss**

In claims one (1) and three (3) of the complaint, Plaintiffs allege that the Fish Restoration Plan constitutes a major federal action requiring the preparation of an EIS and that Federal Defendants failed to conduct the proper alternatives analysis under NEPA. Dkt. 1, ¶¶ 139, 151. In claims four (4) and seven (7) of the complaint, Plaintiffs allege that the Fish Restoration Plan authorizes, funds, and carries out the activities described therein that affect various listed species thereby triggering the obligation to consult under ESA § 7(a)(2). *Id.* ¶¶ 156, 174. The tenth (10) claim for relief alleges that the Fish Restoration Plan violates the Elwha Act because it fails to fully restore the Elwha River. *Id.* ¶¶ 186, 187. And, in the eleventh (11) claim for relief, Plaintiffs allege that the Fish Restoration Plan authorizes commercial flights within the Olympic Wilderness in violation of the Wilderness Act. *Id.* ¶ 191.

**1. Administrative Procedures Act**

Because NEPA, the Elwha Act, and the Wilderness Act do not authorize independent causes of action, Plaintiffs' claims that the Federal Defendants violated these acts must be brought under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq*. ("APA"). The APA provides for judicial review of a "final agency action." 5 U.S.C. § 704.

> As a general matter, two conditions must be satisfied for agency action to be final: First, the action must mark the consummation of the agency's decisionmaking process-it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citations and quotation marks omitted).

**a. Nature of the Action**

The Ninth Circuit has found that an action marks the consummation of the agency's decision making process when it "is devoid of any suggestion that it might be subject to subsequent revision or further agency consideration or possible modification." *Fairbanks North Star Borough v. U.S. Army Corps of Engineers*, 543 F.3d 586, 592 (9th Cir. 2008).

In this case, Plaintiffs have failed to show that the Fish Restoration Plan is a final agency action. The plan clearly states that its only purpose is to provide guidance that can be modified or even ignored. Moreover, the plan clearly contains provisions that contemplate subsequent revisions or possible modifications. For example, the plan states that "[b]ecause of the spatial and temporal scale of the project, it will be necessary to reevaluate the restoration effort at intervals to make adjustments if assumptions of the plan are invalidated." Fish Restoration Plan at 95 (plan pagination). Therefore, Plaintiffs have failed to meet their burden on this element of their claims.

**b. Rights, Obligations, or Legal Consequences**

Plaintiffs have also failed to show that the Fish Restoration Plan imposes any rights, obligations or legal consequences upon any party. Although Plaintiffs claim that the "Fish Restoration Plan has legal consequences," Plaintiffs fails to support this argument with any language or provision from the plan. Instead, Plaintiffs venture off into non-binding case law and irrelevant arguments. For example, Plaintiffs argue that "Federal Defendants' illusory labeling of the 'plan' as a 'technical memorandum' does not affect the Court's jurisdiction . . . ." Dkt. 31 at 21. The Court agrees, however, that this argument does not support a conclusion that the plan creates rights and obligations from which legal obligations may flow. Therefore, Plaintiffs have failed to establish this element of their claims.

Accordingly, the Court grants the Federal Defendants' motion to dismiss Plaintiffs' first, third, tenth, and eleventh claims because Plaintiffs have failed to establish that the Fish Restoration Plan is a final agency action.

**2. ESA and APA**

The Federal Defendants argue that the Court should dismiss Plaintiffs' fourth and seventh claims because Plaintiffs must identify a final agency action before bringing ESA claims. Dkt. 25 at 31–32. The Ninth Circuit, however, has explained that "the APA applies only where there is 'no other adequate remedy in a court,' 5 U.S.C. § 704, and—because the ESA provides a citizen suit remedy—the APA does not apply in such actions." *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011) (citing *Washington Toxics Coalition v. Environmental Protection Agency*, 413 F.3d

1024, 1034 (9th Cir. 2005)). Although there exists some debate whether this decision directly conflicts with the Supreme Court's holding in *Bennett*, 520 U.S. 154 (*see, e.g., Pacific Rivers Council v. Shepard*, 2011 WL 7562961 (D.Or. Sep 29, 2011)), the Court will follow the most recent binding precedent. Therefore, the Court denies the Federal Defendants' motion to dismiss Plaintiffs' fourth and seventh claims.

**3. ESA Consultation**

The ESA authorizes citizen suit enforcement against "any person, including the United States and any other governmental . . . agency . . . who is alleged to be in violation of any provision of [the ESA]." 16 U.S.C. § 1540(g)(1)(A). Section 7(a)(2) of the ESA requires that federal agencies, in consultation with FWS and NMFS, "insure that any action authorized, funded, or carried out by such agency . . . is not likely to jeopardize the continued existence of any endangered species or threatened species." 16 U.S.C. § 1536(a)(2).

In this case, the Federal Defendants move to dismiss Plaintiffs' ESA claims because Plaintiffs fail to identify a specific act that violates the ESA. Plaintiffs, however, allege that the "Federal Defendants are in violation of the ESA for preparing, authorizing, funding, and/or implementing the Fish Restoration Plan and the activities described therein without consulting under section 7 of the ESA . . . ." Dkt. 1, ¶ 156. Although the Federal Defendants object to Plaintiffs' extremely broad allegation, the Federal Defendants concede that Plaintiffs are free to challenge individual actions by filing a more specific complaint. Dkt. 25 at 34. The Court finds that Plaintiffs' broad allegation may cover at least one activity that requires consultation and Plaintiffs have sufficiently

pled their ESA claims. Therefore, the Court denies the Federal Defendants' motion to dismiss Plaintiffs' fourth and seventh claims for lack of jurisdiction.

**4. Interior and Commerce Defendants**

The Federal Defendants move to dismiss Plaintiffs' fourth, fifth, seventh, and eighth claims against the Consulting Defendants. Dkt. 25 at 35. The Federal Defendants argue that the Consulting Defendants are not liable for maladministration of the ESA. *Id.* Plaintiffs counter that the Consulting Defendants are action agencies that Plaintiffs have alleged violated the substantive requirements of the ESA in approving, funding, and implementing the activities described in the Fish Restoration Plan. Dkt. 31 at 27. The Court agrees with Plaintiffs that these allegations are contained in the complaint. *See* Dkt. 1, ¶¶ 102, 103, & 105. Therefore, the Court agrees with Plaintiffs on this issue, and denies the Federal Defendants' motion.

**5. Relief**

"'Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.'" *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010) (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

In this case, Plaintiffs' first, third, tenth and eleventh claims should be dismissed without leave to amend. The determination of whether the Fish Restoration Plan is a final agency action is a question of law based on a publically available document. There is no allegation that can save the dismissal of claims based on the theory that the plan is a

final agency action. Therefore, the Court dismisses Plaintiffs' first, third, tenth and eleventh claims without leave to amend and with prejudice.

## IV. ORDER

Therefore, it is hereby **ORDERED** that:

1. The Federal Defendants' motion to file an overlength brief (Dkt. 21) is **GRANTED**.

2. The Federal Defendants' motion to dismiss (Dkt. 25) is **GRANTED in part** and **DENIED in part**. Plaintiffs' first, third, tenth and eleventh claims are **DISMISSED without leave to amend and with prejudice**.

3. The Elwha Defendants' motion to dismiss (Dkt. 26) is **DENIED**.

4. Plaintiffs' motion to strike (Dkt. 37) is **GRANTED in part and DENIED in part** as described herein.

Dated this 27th day of June, 2012.

BENJAMIN H. SETTLE
United States District Judge