UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILD FISH CONSERVANCY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL PARK SERVICE, et al., <br><br> Defendants. | CASE NO. C12-5109 BHS <br><br> ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING |

This matter comes before the Court on the Federal Defendants' motion for a protective order (Dkt. 59) and Plaintiffs' motion for leave to file a supplemental complaint (Dkt. 62). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion for a protective order and grants in part and denies in part the motion to file a supplemental pleading for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On February 9, 2012, Plaintiffs filed a complaint for declaratory and injunctive relief against numerous defendants, including the Federal Defendants. Dkt. 1. After issuing an order on motions to dismiss, Plaintiffs' remaining claims involve challenges under the Administrative Procedures Act ("APA"), National Environmental Policy Act ("NEPA"), and Endangered Species Act ("ESA"). *Id*.

On September 26, 2012, the Federal Defendants filed a motion for a protective order arguing that the Court's review should be limited to the administrative record. Dkt. 59. On October 3, 2012, Plaintiffs responded. Dkt. 60. October 5, 2012, the Federal Defendants replied. Dkt. 61.

On October 11, 2012, Plaintiffs filed a motion for leave to file a supplemental pleading. Dkt. 62. On October 24, 2012, the Federal Defendants responded. Dkt. 63. On October 26, 2012, the Federal Defendants replied. Dkt. 64.

## II. DISCUSSION

**A.     Protective Order**

Each party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). In the context of claims under the ESA, the Ninth Circuit has considered evidence outside the administrative record. *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir.), *cert. denied*, 132 S. Ct. 366 (2011); *Wash. Toxics Coalition v. Envtl. Prot. Agency*, 413 F.3d 1024, 1034 (9th Cir.), *cert. denied*, 126 S. Ct. 1024 (2006). Until otherwise

informed, these cases are binding precedent on the issue of what is considered relevant evidence for an ESA claim.

In this case, the Federal Defendants argue that the Court should issue a protective order limiting the scope of review to the administrative record. The Federal Defendants, however, have failed to convince the Court that *Kraayenbrink* or *Wash. Toxics Coalition* should be distinguished or ignored. Even if confusion exists regarding discovery in ESA citizen suit cases, the Court finds that a completely developed record is the best solution, at trial and on appeal, for the just, speedy, and inexpensive determination of Plaintiffs' claims. Fed. R. Civ. P. 1. Therefore, the Court denies the Federal Defendants' motion.

**B.  Supplemental Complaint**

Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. Fed. R. Civ. P. 15, advisory committee's note. "The rule is a tool of judicial economy and convenience." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).

In this case, Plaintiffs request leave to add a challenge to the issuance of a new biological opinion dated July 2, 2012. Dkt. 62 at 2. The event occurred after the operative complaint and there is a clear relationship between the original claims and the new claim. Therefore, the Court grants the motion and Plaintiffs shall promptly file the supplemental complaint as a separate electronic docket entry.

The Court finds no merit in Plaintiffs' request for an expedited answer or request to strike the Federal Defendants' response and, therefore, denies such requests. The

Court agrees with Federal Defendants and orders "a responsive pleading and the supplemental administrative record by November 21, 2012." Dkt. 63 at 4.

### III. ORDER

Therefore, it is hereby **ORDERED** that Federal Defendants' motion for a protective order (Dkt. 59) is **DENIED** and Plaintiffs' motion for leave to file a supplemental complaint (Dkt. 62) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 1st day of November, 2012.

BENJAMIN H. SETTLE
United States District Judge