1

2                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
3                              AT TACOMA

4

5   WILD FISH CONSERVANCY, et al.,

6                    Plaintiffs,              CASE NO. C12-5109 BHS

7          v.                                 ORDER DENYING PLAINTIFFS'
                                              MOTION FOR SUMMARY
8   NATIONAL PARK SERVICE, et al.,            JUDGMENT

9                    Defendants.

10

11          This matter comes before the Court on Plaintiffs Wild Fish Conservancy, Wild

12   Steelhead Coalition, Federation of Fly Fishers Steelhead Committee, and Wild Salmon

13   Rivers d/b/a the Conservation Angler's ("Plaintiffs") first motion for partial summary

14   judgment (Dkt. 67).  The Court has considered the pleadings filed in support of and in

15   opposition to the motion and the remainder of the file and hereby denies the motion for

16   the reasons stated herein.

17                            **I. PROCEDURAL HISTORY**

18          On November 11, 2012, Plaintiffs filed a first supplemental complaint for

19   declaratory and injunctive relief against Defendants National Park Service; Jonathan B.

20   Jarvis, in his official capacity as the Director of the National Park Service; United States

21   Department Of The Interior; Kenneth L. Salazar, in his official capacity as the Secretary

22   of the United States Department of the Interior; United States Fish And Wildlife Service;

1   Daniel M. Ashe, in his official capacity as the Director of the United States Fish and

2   Wildlife Service; United States Department Of Commerce; John E. Bryson, in his official

3   capacity as the Secretary of the United States Department of Commerce; NOAA

4   Fisheries Service; Samuel D. Rauch III, in his official capacity as the Acting Assistant

5   Administrator for Fisheries of NOAA Fisheries Service; Robert Elofson, in his official

6   capacity as the Director of the River Restoration Project for the Lower Elwha Klallam

7   Tribe; Larry Ward, in his official capacity as the Hatchery Manager and Fisheries

8   Biologist for the Lower Elwha Klallam Tribe; Doug Morrill, in his official capacity as the

9   Fisheries Manager for the Lower Elwha Klallam Tribe; and Mike Mchenry, in his official

10  capacity as the Fisheries Habitat Biologist and Manager for the Lower Elwha Klallam

11  Tribe.  Dkt. 66

12          On November 15, 2012, Plaintiffs filed a motion for partial summary judgment

13  requesting that:

14          the Court enter an order finding Defendants Doug Morrill and Larry
            Ward, in their official capacities as Natural Resources Director and
15          Hatchery Manager, respectively, for the Lower Elwha Klallam Tribe
            (collectively, "Elwha Defendants") in violation of section 9 of the
16          Endangered Species Act ("ESA"). Plaintiffs further move the Court
            pursuant to Rule 56 for an order finding Defendant Department of Interior
17          ("DOI") in violation of section 7(a)(2) of the ESA for failing to consult or,
            in the alternative, finding biological opinions issued by NOAA Fisheries
18          Service ("NMFS") arbitrary, capricious, and not in accordance with law.

19  Dkt. 67 at 1.  The motion relies upon six declarations and twenty-three exhibits, totaling

20  hundreds of pages.  *See* Dkts. 69–74.  On December 3, 2012, Defendants Daniel M.

21  Ashe, John E. Bryson, Jonathan B Jarvis, NOAA Fisheries Service, National Park

22  Service, Samuel D. Rauch, III, Kenneth L. Salazar, United States Department of

1  Commerce, United States Department of the Interior, and United States Fish and Wildlife

2  Service ("Federal Defendants") responded (Dkt. 94)[1], and Defendants Robert Elofson,

3  Mike McHenry, Doug Morrill, and Larry Ward responded (Dkt. 99).  On December 7,

4  2012, Plaintiffs replied to both responses.  Dkts. 108 & 109.

5       On December 13, 2012, the Federal Defendants filed a notice declaring that on

6  December 10, 2012

7       NMFS completed consultation under Section 7(a)(2) of the
     Endangered Species Act ("ESA") by issuing a biological opinion and

8       approved the Elwha Tribe and State of Washington's Hatchery Genetic
     Management Plans ("HGMPs") under Section 4(d) of the ESA.

9  Dkt. 111 at 2.

10  ## II. FACTUAL BACKGROUND

11       A detailed discussion of the facts is unnecessary based on the procedural and

12  substantive deficiencies discussed below.  Moreover, based on the substantial filings in

13  this case, it's a fair assumption that the parties are intimately familiar with the facts.

14  ## III. DISCUSSION

15       As a threshold matter, it is worth noting that Plaintiffs have filed one of the most

16  difficult types of summary judgment motions on which a moving party can prevail:  a

17  procedurally early motion for summary judgment on claims that they bear the burden of

18  proof at trial.  Although Plaintiffs argue that it is the nonmoving parties' burden to set

19  forth issues of fact, they are mistaken.  A party seeking summary judgment on a claim for

20  _____

21     [1] To the extent that the Federal Defendants seek relief in their response, the Court will
only grant relief on consideration of a properly noted dispositive motion.  Thus, the issue in the

22  current motion is whether the moving parties have met their burden to establish that they are
entitled to judgment as a matter of law.

1   which it bears the burden of proof at trial "must establish 'beyond controversy every

2   essential element'" of the claim, *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888

3   (9th Cir. 2003) (citations omitted), and must "affirmatively demonstrate that no

4   reasonable trier of fact could find other than for the moving party," *Soremekun v. Thrifty*

5   *Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  With this substantial burden in mind,

6   the Court turns to the merits.

7   **A.    Elwha Defendants**

8          Plaintiffs seek summary judgment that the Elwha Defendants have taken

9   endangered salmon in violation of the ESA.  Dkt. 67 at 15–20.  Plaintiffs, however, have

10  presented a new argument in their reply to the Elwha Defendants' response, which is

11  procedurally improper and violates due process.  Originally, Plaintiffs explicitly stated

12  that the Elwha Defendants' take was based on "significant habitat modifications . . . ."

13  Dkt. 67 at 17 (Chambers Creek Steelhead), 19 (native steelhead & coho salmon).  The

14  Elwha Defendants countered that the issue of habitat modification is fact intensive and

15  inappropriate for summary judgment.  Dkt. 99 at 16–24.  In the reply, Plaintiffs altered

16  course and argued that "the ESA prohibits take of individuals."  Dkt. 109 at 10.  This new

17  argument is procedurally improper because "[n]ew material does not belong in a reply

18  brief . . . ."  *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 846 (9th Cir. 1976).

19  Therefore, the Court declines to consider Plaintiffs' new argument.

20         With regard to Plaintiffs' original argument, the Court agrees with the Elwha

21  Defendants that the issue is fact intensive.  At the very least, upon review of the Elwha

22  Defendants' evidence (Dkts. 100–103), Plaintiffs have failed to "affirmatively

demonstrate that no reasonable trier of fact could find other than for" them.  *Soremekun*, 509 F.3d at 984.  Therefore, the Court denies Plaintiffs' motion for summary judgment against the Elwha Defendants.

**B.     Federal Defendants**

Plaintiffs seek summary judgment that the Department of the Interior ("DOI") failed to consult and that NMFS's Biological Opinions are arbitrary and not in accordance with law.  Dkt. 67 at 20–22.

**1.     Bureau of Indian Affairs**

To the extent that Plaintiffs seek relief against the Bureau of Indian Affairs ("BIA"), the Court is without jurisdiction to hear this claim.  The EPA citizen suit provision requires that the citizen provide notice 60 days prior to suit.  16 U.S.C. § 1540(g)(2)(A)(i).  Strict compliance with the notice requirements is "a mandatory, not optional, condition precedent for suit."  *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 26 (1989).

In this case, it is undisputed that, although Plaintiffs gave notice to the DOI, they did not give notice to the BIA.  While Plaintiffs rely on a district court case from the Middle District of Pennsylvania (Dkt. 108 at 3 (citing *Two Rivers Terminal, L.P. v. Chevron USA Inc.*, 96 F. Supp. 2d 426, 428, 431-32 (M.D. Pa. 2000)) for the proposition that notice to a corporation is sufficient notice to a subsidiary, the Court will rely on Supreme Court precedent involving government agencies.  Based on this binding case law, Plaintiffs have failed to meet the first requirement of summary judgment, showing

1  that they are entitled to judgment as a matter of law.  Therefore, the Court denies

2  Plaintiffs' motion against the BIA.

3  **2.    Consult**

4  The consultation requirements of section 7(a)(2) of the ESA apply to any action

5  "authorized, funded, or carried out" by a federal agency that "may affect" ESA-listed

6  species.  16 U.S.C. § 1536(a)(2); 50 C.F.R. § 402.14(a)-(b); *Karuk Tribe of Cal. v. United*

7  *States Forest Serv.*, 681 F.3d 1006, 1011 (9th Cir. 2012) (en banc).  Such consultation is

8  to occur before the agency engages in activities that may affect protected species and is

9  intended to ensure that the actions will not jeopardize listed species.  *Id.* at 1020.

10  Consultation, however, may be ongoing as long as there is no "irreversible or

11  irretrievable commitment of resources . . . ."  16 U.S.C. § 1536(d).

12  In this case, Plaintiffs argue that the DOI failed to consult.  Dkt. 67 at 20–21.  In

13  response, Federal Defendants contend that the December 10, 2012, biological opinion

14  satisfies the consultation requirement.  Dkt. 111.  Due to the timing of Plaintiffs' motion,

15  they precluded themselves from an opportunity to address the effect of the December 10,

16  2012 opinion.  Therefore, at the very least, the Court denies the motion on this issue

17  because Plaintiffs have failed to show that they are entitled to judgment as a matter of

18  law.

19  In the event that the Court considered the December 10, 2012 opinion, Plaintiffs

20  argued that they were at least entitled to judgment that FWS failed to consult up to either

21  December 3, 2012 or December 10, 2012.  Dkt. 108 at 7–10.  Plaintiffs, however, have

22  failed to show that the agencies failed to comply with the ongoing consultation exception,

ORDER - 6

16 U.S.C. § 1536(d).  Therefore, Plaintiffs have also failed to show that they are entitled

to judgment as a matter of law on this issue as well.

### 3.        Arbitrary Biological Opinions

The Court may set aside an agency action if the action is arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law.  5 U.S.C. § 706(2)(a).

In this case, Plaintiffs argue that both the NMFS 2006 BiOp and the NMFS 2012

BiOp are arbitrary and not in accordance with law.  Dkt. 67 at 21–22.  With regard to the

NMFS 2006 BiOp, the Federal Defendants contend that Plaintiffs' claim is moot because

the NMFS 2012 BiOp replaced the earlier BiOp.  Dkt. 94 at 28.  Plaintiffs fail to counter

this argument (Dkt. 108 at 10–11) and have failed to show that they are entitled to

judgment as a matter of law.  Therefore, the Court denies their motion on this issue.

With regard to the NMFS 2012 BiOp, Plaintiffs have failed to meet their

substantive burden on this issue.  The Federal Defendants contend that "simply stating

that a biological opinion is illegal 'on its face' is not a compelling argument, and

certainly does not overcome the required deferential 'arbitrary and capricious' standard

of review."  Dkt. 94 at 29.  Moreover, the Federal Defendants argue that "Plaintiffs have

not even attempted to explain why NMFS' consideration of the impacts of hatcheries is

arbitrary–only that it is too short for their taste."  *Id*. at 30.  The Court agrees and

Plaintiffs do little in their reply to overcome these deficiencies (*see* Dkt. 108 at 10–11).

Therefore, the Court denies the Plaintiffs' motion on this issue.

**C.      Further Proceedings**

In light of the significant procedural and substantive deficiencies in Plaintiffs'
motion, the timing of the motion must be addressed.  Premature summary judgment
motions are generally disfavored.  Combined with the significant burden a moving party
must meet when it bears the burden of persuasion at trial and the fact that the motion was
noted for consideration three days before a highly relevant government opinion was
scheduled to be issued, the motion appears to be designed to be strategically preemptive.
While the Court will not impose a requirement that a party must seek leave of Court in
order to file a summary judgment motion before the close of discovery, the parties are on
notice that the Court may *sua sponte* strike or renote such premature motions based on a
finding that the motion will not promote the "just, speedy, and inexpensive
determination" of this action.  *See* Fed. R. Civ. P. 1.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for summary judgment
(Dkt. 67) is **DENIED**.

Dated this 19th day of December, 2012.

_____

BENJAMIN H. SETTLE
United States District Judge