1

2

3

4

5

6          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
                    AT TACOMA
7

8   WILD FISH CONSERVANCY, et al.,

9              Plaintiffs,                          CASE NO. C12-5109 BHS

10        v.                                        ORDER GRANTING
                                                    DEFENDANTS' MOTION FOR A
11  NATIONAL PARK SERVICE, et al.,                  PROTECTIVE ORDER

12             Defendants.

13

14        This matter comes before the Court on the Federal Defendants' motion for a

15  protective order (Dkt. 134).  The Court has considered the pleadings filed in support of

16  and in opposition to the motion and the remainder of the file and hereby grants the

17  motion for the reasons stated herein.

18                          **I. PROCEDURAL HISTORY**

19        On February 9, 2012, Plaintiffs filed a complaint against numerous defendants

20  alleging numerous causes of action.  Dkt. 1.  Plaintiffs essentially seek review of the fish

21  restoration plans for the Elwha River after removal of the Elwha and Glines Canyon

22  dams on the river.  *Id.*  Since the original complaint, Plaintiffs have filed three

supplemental complaints.  Dkts. 66, 125, & 131.  For the purposes of the instant motion,

Plaintiffs allege that Defendant Department of the Interior ("DOI")

> violated section 7 of the Endangered Species Act ("ESA") by funding
> Elwha River hatchery programs without consulting with NOAA Fisheries
> ("NMFS"), or without reinitiating such consultation, regarding the harm
> those programs cause to threatened salmonids.

Dkt. 145 at 2.

On April 3, 2013, the Federal Defendants received a notice of deposition from

Plaintiffs seeking a Rule 30(b)(6) designee from the DOI to testify on seven topics.  Dkt.

134, Exh. 1.  Although the Federal Defendants argue that there is no need for a deposition

in an administrative review case, they state that they will produce a designee for all the

topics requested except item #7 on Plaintiffs' list.  Dkt. 134 at 12–13.  In that item,

Plaintiffs request information regarding

> [The DOI's] funding and/or participation in Puget Sound area
> Hatchery Programs and/or Hatchery Operations **not associated** with the
> [Lower Elwha Klallam Tribe ("LEKT")] Hatchery and/or the [Washington
> Department of Fish and Wildlife ("WDFW")] Hatchery Facilities,
> including whether you have initiated and/or completed consultation under
> section 7 of the [Endangered Species Act ("ESA")] related to such funding
> and/or participation.

*Id*. (emphasis added).

On April 11, 2013, the Federal Defendants filed a motion for a limited protective

order.  Dkt. 134.  On April 24, 2013, Plaintiffs responded.  Dkt. 145.  On April 26, 2013,

the Federal Defendants replied.  Dkt. 148.

## II. DISCUSSION

Plaintiffs are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For the purposes of discovery, information is relevant where it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005). After receiving a request for discovery, the receiving party "may move for a protective order . . . ." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party . . . forbidding the disclosure or discovery . . . ." *Id.* The party resisting discovery bears the burden of showing why discovery is not allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

In this case, the Federal Defendants argue that Plaintiffs' request is overbroad and unduly burdensome. Dkt. 148 at 1–2. They claim that having to respond to Plaintiffs' request would require preparing a designee to testify as to 120 hatchery programs that are under DOI's control in the Puget Sound area. Dkt. 148 at 3. Plaintiffs counter that the funding of all of these hatcheries is relevant to (1) their request for declaratory relief, (2) their entitlement to litigation expenses, and (3) their pre-suit notice that states that they were challenging *all* of DOI's funding activities. Dkt. 145 at 6–12. With regard to the funding argument, Plaintiffs provided notice and state a claim as to funding on the Fish Restoration Plan. Dkt. 145 at 10–12; *see also* Dkt. 1, ¶ 103. That plan "purports to describe the strategies that will be employed to restore fish populations to the Elwha River in conjunction with dam removal . . . ." *Id.* ¶ 96. Therefore, Plaintiffs' argument

that the subject of *all* funding to *all* of DOI's hatcheries in the Puget Sound area was in the pre-notice letter and/or the complaint is without merit.

With regard to the claim for declaratory relief, Plaintiffs argue that the requested discovery is relevant to rebut the Federal Defendants' expected dispositive motion that Plaintiffs' claim is moot. Specifically, Plaintiffs argue that

> [s]uch facts are relevant because they have *some* tendency to show that DOI will likely fail to consult or reinitiate consultation regarding its funding of the Elwha River hatcheries when the current biological opinion expires or when the reinitiation obligation is otherwise triggered.

Dkt. 145 at 8 (emphasis in original). In support of this argument, Plaintiffs cite *Forest Guardians v. Johanns*, 450 F.3d 455, 461–63 (9th Cir. 2006). Plaintiffs' reading of this case, however, goes well beyond the actual facts discussed. While it is true that the Ninth Circuit stated that the forest service had repeatedly failed and/or refused to consult, such failure was only in connection with the specific project at issue, the grazing permit for the Water Canyon Allotment. *Id.* at 462–463. This case does not stand for the proposition that the DOI's actions funding other hatcheries is relevant to whether it will follow the law at some later date on issues regarding the specific Elwha hatcheries. This is essentially character evidence that would be submitted to show action in conformity therewith, which is improper. Therefore, Plaintiffs' argument is without merit.

Finally, with regard to Plaintiffs' entitlement to litigation expenses, their argument fails for the same reason their previous argument fails. Plaintiffs

> intend to argue that they are entitled to litigation expenses under the ESA because the lawsuit was a catalyst to, *inter alia*, the DOI's commencement and/or completion of consultation under section 7 of the ESA for its funding of some of the Elwha River hatchery programs.

Dkt. 145 at 9.  While Plaintiffs may be entitled to expenses if they show that they are the catalyst for the Elwha projects, there is no case law that stands for the proposition that they are entitled to fees if they show they are the catalyst for consultations as to the other 120 hatcheries in the Puget Sound area.  Moreover, Plaintiffs have requested, and the Federal Defendants do not object, to information regarding them being a catalyst for the litigation brought and any practical outcome realized in this case.  Therefore, regarding the other hatcheries, Plaintiffs' argument is without merit.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Federal Defendants' motion for a protective order (Dkt. 134) is **GRANTED**.  The Federal Defendants may submit an affidavit of reasonable expenses no later than May 17, 2013.  *See* Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5)(A).

Dated this 10th day of May, 2013.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5