1

2

3

4

5

6   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
7   AT TACOMA

8   WILD FISH CONSERVANCY, et al.,

9                    Plaintiffs,                    CASE NO. C12-5109 BHS

10              v.                                  ORDER GRANTING IN PART
                                                    AND DENYING IN PART
11   NATIONAL PARK SERVICE, et al.,                 PLAINTIFFS' MOTION FOR
                                                    JUDICIAL NOTICE AND/OR TO
12                   Defendants.                    COMPLETE THE RECORD

13

14          This matter comes before the Court on Plaintiffs' motion for judicial notice and/or

15   to complete the record (Dkt. 154). The Court has considered the pleadings filed in

16   support of and in opposition to the motion and the remainder of the file and hereby grants

17   in part and denies in part the motion for the reasons stated herein.

18                            **I. PROCEDURAL HISTORY**

19          On June 26, 2013, Plaintiffs filed the instant motion requesting that certain

20   documents be considered in the review of Plaintiffs' claims.  Dkt. 154.  On July 8, 2013,

21   Defendants responded.  Dkt. 162.  On July 12, 2013, Plaintiffs replied.  Dkt. 163.

22

## II. DISCUSSION

**A.    The Record**

Section 706 of the Administrative Procedure Act ("APA") directs a court reviewing an agency decision to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. Review of the "whole record" under section 706 "is to be based on the full administrative record that was before the [agency decisionmakers] at the time [they] made [their] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

In this case, Plaintiffs request that the Court include in the whole record (1) NMFS's documents that are relevant to the challenged actions, (2) the Department of Interior funding agreements, (3) the National Park Service webpages, and (4) a Seattle Times article. Dkt. 154 at 8–12. Defendants concede the issue on the ESA Consultation Handbook, the National Park Service's FAQ Page, and the environmental assessments analyzing the effects of proposed hatchery programs on the Sandy River and Snake River. Dkt. 155, Seventh Declaration of Brian A. Knutsen ("Knutsen Decl."), Exs. 10–13. With regard to the other documents, Plaintiffs merely argue that the documents were within the Defendants' control. Being within a federal agency's control is entirely different that being before the decisionmakers at the time they made their decision, and Plaintiffs have failed to show the latter. Therefore, the Court denies Plaintiffs' motion as to the funding agreements, the other webpage, and the Seattle Times article.

1    **B.     Judicial Notice**

2           The Court may take judicial notice of "a fact that is not subject to reasonable

3    dispute because it . . . can be accurately and readily determined from sources whose

4    accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Judicial notice of

5    certain facts is appropriate in APA record review cases.  *Dent v. Holder*, 627 F.3d 365,

6    371 (9th Cir. 2010) (noting that a court is not prohibited from taking judicial notice of the

7    agency's own records in a case being reviewed on the administrative record).

8           In this case, Plaintiffs request that the Court take judicial notice of certain

9    documents, including the funding agreements, the Elwha River Restoration webpage, the

10   Seattle Times article, and the Opinion and Order entered by the United States District

11   Court for the District of Oregon in *Native Fish Society v. Nat'l Marine Fisheries Serv.*, D.

12   Or. No. 3:12-CV-00431-HA, Dkt. 120 (D. Or. May 16, 2013).  Dkt. 154 at 4–8.  The

13   Court declines to take judicial notice of these documents.  Plaintiffs have failed to show

14   that the funding agreements are relevant to the issue of what was before the

15   decisionmakers when they made their decisions.  The accuracy of a webpage providing

16   links and a newspaper article can be reasonably questioned, and Plaintiffs have failed to

17   show that these documents were considered by the decisionmakers.  Last, the opinion of

18   another district court is at most persuasive and is not a document that the Court should

19   explicitly take judicial notice of.  Therefore, the Court denies Plaintiffs' motion as to

20   these documents.

21

22

1

**III. ORDER**

2     Therefore, it is hereby **ORDERED** that Plaintiffs' motion for judicial notice

3 and/or to complete the record (Dkt. 154) is **GRANTED in part** and **DENIED in part** as

4 stated herein.

5     Dated this 1st day of August, 2013.

6

7 _____

8 BENJAMIN H. SETTLE
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22